HEARD NOVEMBER TERM, 1873.

## ARMSTRONG *vs.* HUMPHREYS.

A decree in foreclosure directing the sale to be made by a Referee is erroneous, and will be set aside on appeal; but, until notice of appeal given, it binds the defendant, and a purchaser at the sale will not be affected by an appeal afterwards taken.

A bidder at a sale under a decree in foreclosure is not entitled to an order to be let into possession until he has complied with the terms of sale.

A writ of *habere facias possessionem* is not the proper mode of putting a purchaser at a sale under a decree in foreclosure into possession.

BEFORE GRAHAM, J., AT CHARLESTON, MARCH TERM, 1873.

This was an action of foreclosure, commenced July, 1872. In October, 1872, judgment by default was entered, and a decree made directing the mortgaged premises to be sold by a Special Referee. On the 28th March, 1873, the Referee made a report, wherein he stated that he had sold the mortgaged premises on the 12th December, 1872; that the purchaser was ready to comply with the terms of sale if he could obtain possession of the premises, and that the defendant still occupied the same, and refused to surrender possession; and on the same day the Court made an order that defendants do show cause on the 31st inst. why they should not be ejected from the premises. No cause was shown, and on the 31st March, 1873, the Court made an order that a writ of *habere facias possessionem* do issue against the defendants, and that the Sheriff do put the purchaser into quiet and peaceable possession forthwith.

On April 17th, 1873, defendant filed a notice of appeal from the judgment, on the ground that a sale for foreclosure could only be made by the Sheriff, and that a sale by a Referee is a nullity, and should be vacated. They also appealed from the order to put the purchaser in possession.

*Melton & Chamberlaim, Bachman & Youmans,* for appellants.

*Rutledge & Young,* contra.

March 18, 1874. The opinion of the Court was delivered by

WILLARD, A. J. The questions for consideration are: first, whether a decree in foreclosure, directing the mortgaged premises to be sold by a Special Referee, is in contravention of law, on the ground that such sales are by statute required to be made by the

Sheriff; and, secondly, as to the effect upon the rights of a pur-chaser under such decree of avoiding such decree upon an appeal taken on such decree, after the sale of the premises; and, third, whether an order putting the purchaser in possession can be made previous to the compliance on the part of the purchaser with the terms of purchase.

By Section 310 of the Code of Procedure, as amended March 13th, 1872, (15 Stat., 194,) real property adjudged to be sold must be sold in the County where it lies by the Sheriff of the County. The same requirement was contained in the Act of January 27th, 1870, (15 Stat., 324,) and was embodied in the General Statutes that took effect February 10th, 1872, (General Statutes, 766, Section 2.) Section 310 of the Code, as it originally stood, author-ized such sales to be made either by the Sheriff or a Referee to be appointed by the Court.

It was evidently the intention of the Act of January 27th, 1870, to amend the provisions of Section 310 of the Code as it then stood by confining the power to sell in such cases to the Sheriff, but the subsequent republication of Section 310.in its original form as part of the General Statutes gave rise to a question whether, under the operation of these two provisions, the power of sale could not be exercised by either the Sheriff or a Referee. The amendatory pro-vision of March 13th, 1872, was passed, finally disposing of the question, and placing the power of sale in such cases in the Sheriff exclusively.

It is argued that limiting the power to sell in execution of judi-cial decrees and orders is an infringement upon the constitutional rights of the Courts. It cannot properly be regarded in this light. The Legislature have the right to regulate the forms of procedure in the Courts, a right recognized in terms by Section 3, Article V, of the Constitution. While the Legislature cannot deprive the Courts created by the Constitution of the powers conferred by that instrument, still they can mould the proceedings in the Court, and the present instance is one falling within the legitimate exercise of this legislative function.

It has also been argued that the statute is directory merely, and not mandatory. If this view was applicable it would still follow that the Courts were bound to pursue such direction, and a decree or order disregarding it would have to be considered as erroneous. But it is impossible to view the provisions of the statutes together,

without arriving at the conclusion that the Legislature have studiously excluded a Referee from exercising the powers attempted to be conferred upon him by the decree appealed from.

It is clear that the decree is erroneous, and should be set aside so far as it directs the sale to be made by a Special Referee instead of the Sheriff.

The next question is as to the effect of setting aside the decree upon proceedings taken under it prior to the notice of appeal. The facts are that the property was sold by the Special Referee, but that the terms of purchase have not been complied with by the purchaser.

Whether there has been a compliance on the part of the purchaser with any part of the requirements of the terms of purchase does not appear. Nor does it appear whether any time was prescribed within which the purchaser would be bound to comply with his terms of purchase. It is evident that the record is not in a condition to enable this Court to determine whether any rights that the purchaser may have acquired by his bid are still in existence, or have been lost for want of performance on his part. That matter must be determined in the Circuit Court upon such proceedings as may be taken for that purpose.

The right of the purchaser, such as it may be, cannot be affected by the setting aside of that portion of the decree directing the sale to be made by the Special Referee, although, if any act remains to be performed in order to comply with what may be held to be due to the purchaser, such act must be performed by the Sheriff, under the decree as conformed to the present decision.

The judgment of the Circuit Court was valid and conclusive until set aside upon appeal. Any party prejudiced by such judgment had a right of instantaneous appeal, and, incident thereto, the right, upon complying with the requirements of law, to stay all proceedings for the enforcement of the judgment. Failing to avail himself of such remedies the appellant cannot allege that that which has been done in the course of the execution of such judgment, as affecting third persons, is null and void.

The principles involved in the proposition just stated are set forth in *Whitney* vs. *Bank*, (13 Peters, 15.) So much of the judgment of the Circuit Court as directs the sale of the mortgaged premises by a Special Referee should be set aside.

The order of the Circuit Court for the issue of a writ of *habere*

*facias possessionem* is erroneous. In the first place, it was premature; the purchaser could not claim to be let into possession until he had complied with the terms of sale and had acquired title to the premises.

The proper remedy for ousting the defendant from the possession of the mortgaged premises in a proper case, is an order of the Court for that purpose, and not a writ of *habere facias possessionem.*

The order in question should be set aside, and the cause remanded to the Circuit Court for further proceedings.

*Moses,* C. J., and *Wright,* A. J., concurred.